CHARLES J. READ *v.* JAMES SHELBY MALONE

[No. 1-777A136. Filed May 30, 1978.]

*Jack Rogers, Rogers, Tompkins & Gesse,* of Franklin, *James N. Matchett,* of Shelbyville, for appellant.

*J. Lee McNeely, McNeely & Sanders,* of Shelbyville, *Joseph F. Zappia,* of Indianapolis, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J. — This appeal is based upon a judgment in a negligence action wherein plaintiff-appellee James Shelby Malone was awarded no damages, although the jury found against defendant-appellant Charles J. Read on the question of Read's negligence.

The trial court upon Malone's motion granted a new trial. Read appeals.

## FACTS

Read was employed by the Franklin Daily Journal to deliver newspapers to rural customers. Read hired Malone to ride with him to place newspapers into newspaper boxes on the right side of the car.

One day, while delivering newspapers, Read's car collided head-on with another car at the crest of a hill on a narrow country road. Read testified that he had pulled his car to the right as far as he could. But there was other testimony and physical evidence which indicated that Read had crossed the center line and caused the accident.

As a result of the accident Malone received a severe scalp laceration and a concussion. He spent one week in the hospital and incurred $475.00 worth of medical and hospital expenses.

There was some testimony which indicated that Malone suffered a 40% loss of vision in his left eye as a result of the accident. However, there was other testimony which indicated that Malone's loss of vision was due to an arteriosclerosis condition.

Malone brought a negligence action against Read. The jury rendered a verdict as follows:

"We, the Jury, find in favor of the Plaintiff, James Shelby Malone on Legal Paragraph II of his Amended Complaint and against the

Defendant Charles J. Read, and assess the Plaintiff's damages in the sum of No Dollars ($ - 0 -). /s/ Donald H. Herrmann, Foreman

Dated: February 3, 1977"

After the jury returned its verdict, wherein no damages were awarded, Malone filed a motion for new trial in lieu of judgment on the evidence, pursuant to Ind. Rules of Procedure, Trial Rule 50(C). The trial court granted Malone's motion for new trial in lieu of judgment on the evidence for the following reasons:

"The Court heard all the evidence in the cause and has duly considered the same and has weighed the same and finds that the verdict of the Jury is impractical and unfair, and is improper because it does not follow the evidence as to the damages which are undisputed.

The Court further finds that the Plaintiff was riding in the car of the Defendant. That the Jury found that the Defendant was negligent and found against the Defendant on the question of liability. That prior to the accident in question, the Plaintiff was not bleeding, but immediately after the accident he was bleeding and bloody and he was taken in an ambulance to the emergency room of the Johnson County Hospital where he was treated for lacerations, numerous stitches were taken and he was admitted to the hospital after being treated by the emergency room doctor on or about October 20, 1972. That from October 20, 1972, to October 25, 1972, he remained as a patient in the hospital under the care of Hugh Kenneth Andrews, M.D., his physician. That the Plaintiff suffered from a concussion, lacerations and resulting scabbing, especially in the scalp, and complained of dizziness. That the Plaintiff was discharged from the hospital on October 25, 1972. That undisputed evidence was introduced by the Plaintiff establishing the reasonable value of the Plaintiff's medical expenses during his hospitalization and the hospital expenses during said period of time from October 20th to October 25th, 1972. That the Plaintiff was required to make following visits to the doctor thereafter for a period of time relevant to his injuries.

The Court finds that such evidence remains in the record undisputed and that the verdict of the Jury was not in accordance with the evidence and it is, therefore, as aforesaid, impractical and unfair to the Plaintiff and improper as not consistent with the undisputed evidence on damages."

Read appeals from the court's granting of Malone's motion for new trial.

### ISSUE

The issue which has been presented to this court for review is as follows:

Did the trial court err in granting Malone's motion for new trial?

### DISCUSSION AND DECISION

Read contends that the trial court erred in granting the motion for new trial because neither the motion for new trial nor the court's ruling upon such motion conformed to the requirements of Ind. Rules of Procedure, Trial Rule 59(E)[1], which reads as follows:

"* * *

(7) In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provision herein, if the court determines that the verdict of a nonadvisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not

---

1. See *Huff v. Travelers Indemnity Company* (1977), 266 Ind. 414, 363 N.E.2d 985, wherein our Supreme Court indicated that where a new trial is granted pursuant to a TR. 50 motion, the requirements for granting a new trial, as found in TR. 59, must be met.

supported by the evidence; if the decision is found to be against the weight of the evidence, the finding shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

This court summarized the contents of TR. 59(E)(7) in *Borowski v. Rupert* (1972), 152 Ind.App. 9, 20-21, 281 N.E.2d 502, as follows:

"This paragraph [TR. 59(E)(7)] . . . contemplates two courses of action by the trial court:

(A)   An order correcting the error without a new trial, and

(B)   An order for a new trial.

COURSE OF ACTION (A) BY THE TRIAL COURT:   The order correcting the error shall (a) direct final judgment to be entered *or* (b) correct the error without a new trial. When granting the corrective relief, the trial court shall specify the general reasons for granting the corrective relief. If this relief is shown to be impracticable or unfair to any of the parties or otherwise improper, the trial court should follow the second course of action which is COURSE OF ACTION (B).

COURSE OF ACTION (B) BY THE TRIAL COURT:   This order correcting error requires a new trial which shall be limited to those parties and issues affected by the error. If the order limiting the new trial to just those parties and issues affected by the error is shown to be impracticable or unfair, the trial court should expand its order for a new trial to include those parties and issues assuring practicability and fairness.

When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the trial court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. These findings should indicate:

(a)   Whether the decision is against the weight of the evidence, or

(b)   Whether the decision is clearly erroneous as contrary to the evidence, or

(c)   Whether the decision is not supported by the evidence.

If the decision is found to be either (b) or (c), the findings shall show

why judgment was not entered upon the evidence. If the decision is found to be against the weight of the evidence which is (a), the trial court's findings shall relate the supporting and opposing evidence on each issue upon which a new trial is granted." (Original emphasis) (Our insert)

We disagree with Read's contention that the trial court did not follow the procedure for granting a new trial as set forth in TR. 59(E)(7). The trial court's finding that the jury's verdict was not consistent with the evidence would indicate that the jury's verdict was contrary to the evidence. Therefore, according to *Borowski, supra,* the trial court should have related why judgment was not entered on the evidence. The trial court, in effect, complied with this requirement by setting forth the undisputed evidence which showed that Malone, indeed, suffered damages. It is obvious that if Malone did, suffer damages as the result of Read's negligent conduct then the jury's verdict of no damages was contrary to the evidence, and the only way in which the amount of those damages could be properly assessed would be to have a new trial.

The jury's verdict which found that Read was negligent, but assessed no damages was not contrary to law per se. In *Niemeyer v. Lee, et al.* (1969), 144 Ind. App. 161, 163, 245 N.E.2d 178, this court said, concerning a verdict similar to the one in the case at bar, that "the jury's verdict means that appellees-defendants were legally responsible for whatever damages proximately resulted from the accident, but that appellant sustained no damage, and, further, that the verdict was so understood by all concerned." In *Niemeyer, supra,* the court held that the plaintiff-appellant was not entitled to a new trial for the reason that there was conflicting evidence as to whether the plaintiff-appellant's injury had been proximately caused by the defendant-appellee's negligent conduct. Since the jury and the judge, as the "thirteenth juror," did not feel that plaintiff-appellant's evidence preponderated over that of the defendant-appellee, the court did not err in denying plaintiff-appellant's motion for new trial.

In the case at bar, however, the court, in its ruling wherein it granted a new trial, set forth undisputed evidence which clearly showed that Malone had been damaged as a result of Read's negligent conduct.

Therefore, the requirements of TR. 59(E)(7) were met and the court did not err in granting a new trial.

The trial court's order granting a new trial is hereby affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE — Reported at 376 N.E.2d 494.