**Stella L. BASKIN, Plaintiff-Appellant,**

v.

**Douglas B. JONES, Defendant-Appellee.**

**No. 3-384A60.**

Court of Appeals of Indiana,
Third District.

Nov. 8, 1984.

W. Paul Helmke, Jr., Helmke, Beams, Boyer & Wagner, Fort Wayne, for plaintiff-appellant.

Arthur G. Surguine, Jr., Thomas L. Wooding, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for defendant-appellee.

GARRARD, Judge.

Baskin brought this action to recover for personal injuries which allegedly occurred when the automobile in which she was a passenger was struck from the rear by a vehicle being driven by Jones. The case was tried by jury, and a defendant's verdict was returned. On appeal Baskin contends the verdict was contrary to law. She asserts that Jones was negligent as a matter of law. Jones responds that the issue of his negligence was properly for the jury to determine. He additionally contends that even if he had been found negligent, the jury could have determined that his conduct caused no injury to Baskin.

Viewed from the perspective most favorable to the verdict the evidence disclosed the following:

The collision occurred on January 15, 1981 at approximately 3:30 p.m. on Bluffton Road in Fort Wayne, Indiana. Both vehicles were in the left lane, eastbound on Bluffton Road, a four lane highway.

The first car, which was owned and operated by Nelson Catalan, had stopped for a red traffic light at the intersection of Bluffton Road and Broadway Avenue. Baskin was seated in the left rear seat as a passenger.

The second car, driven by Jones, was proceeding eastbound at 30–35 m.p.h., within the 35 m.p.h. posted speed limit. The day was cold and overcast. It may have begun to spit snow, but the road surface was basically dry. As Jones approached Vesey Avenue he down-shifted his car and slowed to 20–25 m.p.h.

Since turning onto Bluffton Road Jones had been following a van, which blocked his view of traffic ahead in the left lane. Suddenly, the van applied its brakes, began skidding and fishtailing, and turned into the right lane to avoid the Catalan vehicle. Jones immediately applied his brakes and, unexpectedly, began skidding and fishtailing as well. Jones also further down-shifted, but without beneficial effect. (The skidding of both vehicles was caused by an unexpected patch of ice on Bluffton Road at the point where both drivers attempted to apply their brakes).

Although talking to a passenger in his car, Jones was looking at the road and the van in front of him prior to the accident.

The ensuing collision between the Catalan and Jones vehicles at about 5 m.p.h. appeared minor. There was little damage to, and no broken glass on, either vehicle. Although not wearing seat belts, neither Jones nor his passenger were injured or even thrown against the dashboard. The Catalan car was not propelled forward. Both cars were still "almost touching" following the collision.

■ Negligence, of course, is simply the failure to use ordinary, or reasonable, care under the circumstances. *Central Transport, Inc. v. Great Dane Trailers, Inc.* (1981), Ind.App., 423 N.E.2d 675, 678. In the case at bar, we are unable to say that no reasonable minded juror could have failed to conclude that Jones did not exercise reasonable care upon the facts and inferences we have recited. Accordingly, the verdict was not contrary to law. *Pepinsky v. Monroe County Council* (1984), Ind., 461 N.E.2d 128.

■ In addition we are constrained to agree with Jones that the verdict is sustainable upon an alternate basis. Assuming *arguendo* that a plaintiff's evidence established negligence upon the part of the defendant, in order to recover on a claim for relief it is necessary for plaintiff to additionally establish that the plaintiff suffered an injury which resulted in damages and that the negligence in question was a proximate cause of the injury. *Elder v. Rutledge* (1940), 217 Ind. 459, 27 N.E.2d 358. While the critical concern in most of the decisions tends to arise elsewhere, it is clear that if the plaintiff fails to establish that she was damaged, there can be no recovery. *See, e.g., Read v. Malone* (1978), 176 Ind.App. 497, 376 N.E.2d 494; *Niemeyer v. Lee* (1969), 144 Ind.App. 161, 245 N.E.2d 178 (sustaining verdict which assessed no damages).

Here the evidence favorable to the verdict disclosed a minor impact between the vehicles. In addition, the medical evidence disclosed that plaintiff had been in prior serious auto accidents in 1971 and 1974, and that she was essentially complaining of the same symptoms and injuries that her physician had been treating her for prior to January 1981. In sum the jury might have reasonably determined that the injuries complained of were pre-existing, and that Baskin was entitled to no recovery on her claim. *Faulk v. Chandler* (1980), Ind.App.,

408 N.E.2d 584; *Schutz v. Rose* (1964), 136 Ind.App. 165, 196 N.E.2d 285.

. The judgment is affirmed.

STATON, P.J., and HOFFMAN, J., concur.