**Byron J. BROWN, Appellant
(Defendant Below),**

**v.**

**Ernest W. CONRAD, Jr., and Mary Nell Conrad, Appellees (Plaintiffs Below).**

No. 73A04–8802–CV–59.

Court of Appeals of Indiana,
Fourth District.

Dec. 20, 1988.

J. Lee McNeeley, M. Michael Stephenson, Shelbyville, for appellant.

Robert L. Sheaffer, Shelbyville, for appellees.

CONOVER, Presiding Judge.

Defendant–Appellant Byron Brown (Brown) appeals an order granting a new trial upon Plaintiff's–Appellee's Ernest and Mary Conrad's (Conrads) motion to correct error. Ind.Rules of Procedure, Trial Rule 59(J)(7).

Brown presents two issues:

1. did the trial court err by vacating a judgment in his favor; and

2. did the trial court err by granting a new trial on the issue of damages?

On November 9, 1985, Brown drove his car into the rear of Ernest Conrad's car injuring him. The Conrads sued, alleging Brown was negligent and his negligence caused Ernest severe and permanent injury, and Brown's negligence caused Mary to lose Ernest's services and companionship. (R. 4–6).

At trial, the Conrads presented evidence concerning Ernest's injuries and Mary's derivative injuries resulting from the accident. Brown presented evidence as to Ernest's preexisting illnesses and injuries, including Ernest's status as a 100% Social Security Disability recipient at the time of the accident. In an instruction labeled "comparative fault" the court, without objection, instructed the jury:

> You must decide this case on the basis of the Indiana Law of comparative fault.
>
> The term "fault" refers to varieties of conduct which makes a person responsible, in some degree, for an injury[.] The types of fault at issue in this case are:
> Negligence. I will instruct you further concerning these types of fault.
>
> You will first determine whether the defendant was at fault. The court instructs you that as a matter of law you must find the defendant to be 100% at fault in this case. [Y]ou must then determine the amount of damages, if any, necessary to compensate the plaintiff for

his injury as proximately caused by any acts of the defendant.

(R. 128–129).

The jury returned a verdict in favor of Brown, against both Ernest and Mary. (R. 654). Judgment was entered for Brown (R. 151). Upon the Conrads' motion to correct error, the court vacated the judgment and ordered a new trial limited to the issue of damages. In compliance with Ind.Rules of Procedure, Trial Rule 59(J)(7) the court found:

> ... the verdict of the non-advisory jury is clearly erroneous as contrary to the evidence. The judgment of September 23, 1987, is vacated with a new trial ordered, based on the following findings:
>
> 1. The Court heard all of the evidence in the case and determines that the verdict is clearly erroneous as contrary to the evidence.
>
> 2. The Court instructed the jury in final instruction # 18 as follows: "The Court instructs you that as a matter of law you must find the defendant to be 100% at fault in this case."
>
> 3. The jury did not follow this instruction in finding for the defendant.
>
> 4. The evidence is uncontroverted that Mr. Conrad was sitting in his car stopped at a traffic light in a line of traffic when he was forcefully struck in the rear of his vehicle by the defendant. It is further uncontradicted that Mr. Conrad required an ambulance and emergency room services and incurred medical expenses of at least $500.00. The Court determines that at least these damages were proximately caused by defendant's negligence and should have been included in a verdict for the Plaintiffs. Other damages and severity thereof were disputed due to a previous similar accident, obesity, type of knee injury and other factors which could be considered by the jury.
>
> 5. It is impractical and not appropriate for the Court to award damages in any sum for the Plaintiffs as this matter should be resolved at a further trial.

6. A new trial should be granted on the issue of damages only as the defendant was clearly negligent in breaching his duty as a driver of an automobile, said duty being owed to the Plaintiffs, and his breach proximately resulting in damages to Mr. Conrad and possibly Mrs. Conrad.

(R. 0003A–B). Brown appeals.

Brown contends the court erred when it vacated the judgment and granted a new trial on the issue of damages.[1] Citing *Baskin v. Jones* (1984), Ind.App., 470 N.E.2d 82, Brown claims negligence alone will not support a recovery. Brown argues the court wrongly focused upon its instruction. He states the jury reasonably could have determined Conrad's injuries were preexisting, not attributable to the accident. Thus, Brown opines, the jury verdict was consistent with the court's instruction. In the alternative, Brown argues, if the court did not err by vacating the judgment a new trial is unnecessary. There is, Brown avers, sufficient evidence from which the court could determine damages attributable to the accident.

The Conrads claim the trial court did not err by vacating the judgment because the evidence of fault was uncontroverted and Brown did not object to the trial court's instruction covering that subject matter. The Conrads state a new trial on the issue of damages is necessary because the nature and source of his injuries was disputed. The Conrads argue the verdict was contrary to the evidence and is not consistent with the court's instruction.

■ We recently noted:

The court's standard in reviewing a grant of a new trial was established in *Memorial Hospital v. Scott, et al.* (1973), 261 Ind. 27, 300 N.E.2d 50, 54:

The sole duty of an appellate court is to examine the record to see if:

(a) the trial court abused its judicial discretion;

(b) a flagrant injustice has been done the appellant; or

(c) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant.

A trial court's granting of a new trial is given a strong presumption of correctness. *Huff [v. Travelers Indem. Co.], supra* [ (1977), 266 Ind. 414], 363 N.E.2d [985] at 994.

The judge stands as a thirteenth juror and may order a new trial when the court determines the jury's verdict is against the weight of the evidence. *See,* T.R. 59(J)(7).

*Tancos v. A.W., Inc.* (1986), Ind.App., 502 N.E.2d 109, 114. Accord, *Capitol Neon Signs, Inc. v. Indiana National Bank* (1986), Ind.App., 501 N.E.2d 1082, 1084; *Sanders v. Cole Municipal Finance, et al.* (1986), Ind.App., 489 N.E.2d 117, 124. The judge's decision will be reversed only for abuse of discretion. If the court finds the conclusion is contrary to the decision which should have been reached by reasonable persons a new trial is correctly granted. *Sanders,* 489 N.E.2d at 124.

In *Baskin v. Jones* (1984), Ind.App., 470 N.E.2d 82, our Third District affirmed a judgment rendered upon a jury verdict in favor of a defendant driver. The court decided under the facts presented the jury could have found no breach of duty or could have found plaintiff failed to prove her injuries were caused by the defendant's acts. Brown argues *Baskin* stands for the proposition a finding of negligence alone will not support a recovery, that proximate cause and damages must be proven too.

---

**1.** Important to this discussion, and mentioned by neither party, is the definition of fault found in the Indiana Comparative Fault Act. It says:

34–4–33–2. Definitions—Definitions as single party.—(a) As used in this chapter:

"Fault" includes any act or omission that is negligent, willful, wanton, or reckless toward the person or property of the actor or others, but does not include an intentional act. The term also includes unreasonable assumption of risk not constituting an enforceable express consent, incurred risk, and unreasonable failure to avoid an injury or to mitigate damages. This definition took effect January 1, 1985, before the accident here. Public Law 175–1984, Sec. 9, amended Public Law 317–1983, Sec. 1, before the latter could take effect on January 1, 1985.

In *Baskin* there was no instruction like the one set out above. *Baskin* says negligence "is simply the failure to use ordinary, or reasonable, care under the circumstances," and cites *Central Transport, Inc. v. Great Dane Trailers, Inc.* (1981), Ind.App., 423 N.E.2d 675, 678. There, however, Judge Chipman was discussing only the standard of care one must exercise. He was not defining negligence to mean only breach of duty. The primary basis for the affirmance in *Baskin* was the jury could have found no breach of duty. *Baskin*, 470 N.E.2d at 83.

■ For negligence to be actionable, there must be a duty owing to plaintiff, breach of that duty by defendant, and injury to plaintiff proximately caused by defendant's breach of that duty. E.g., *Bridgewater v. Economy Engineering Co.* (1985), Ind., 486 N.E.2d 484, *reh. denied; Miller v. Griesel* (1974), 261 Ind. 604, 610–611, 308 N.E.2d 701, 706.

■ The court's instruction Brown was "100% at fault" is the same, as a matter of law, as an instruction one was "100% negligent." That is, the instruction held Brown breached a duty owing to the Conrads and that breach proximately caused them at least some damage. It is, in effect, a directed verdict for plaintiffs on the issue of liability.[2] This is consistent with the court's instruction the jury must compensate the Conrads for those injuries proximately caused by the accident. That part of the instruction left the sorting of the injuries caused by the accident and the dollar amounts of damage to the jury. A

verdict for the defendant on the issue of liability was not proper under the instruction given. Cf. *Sanders v. Cole Municipal Finance* (1986), Ind.App., 489 N.E.2d 117, 125 (judgment upon jury verdict in favor of a plaintiff should have been entered although crediting for amounts already paid resulted in no additional liability for damages).

■ Brown asserts the damages discussed by the trial court in its findings were readily ascertainable and judgment should have been entered in those amounts. Under T.R. 59(J)(7) the trial court finding a jury's decision is against the weight of the evidence must relate supporting and opposing evidence to each issue upon which a new trial is granted. *Coffel v. Perry* (1983), Ind.App., 452 N.E.2d 1066, 1068. Here, the trial court summarized evidence about ambulance and emergency room services and generally referred to other evidence about a "similar accident, obesity, type of knee injury and other factors[.]" (R. 0003B). The findings should have been more detailed. *Coffel, supra.* However, the purpose of the rule is to facilitate appellate review. *Coffel, supra.* The findings show why judgment was not entered upon the evidence. T.R. 59(J)(7). The parties' statements of fact with specific references to the evidence, together with the court's findings, are sufficient for appellate review.

■ The court found the accident resulted in uncontroverted medical expenses. It noted the extent of Conrads' other damages caused by the accident was disputed.

---

**2.** Because Brown made no objection to the instruction, we neither analyze nor adjudge the propriety of directing a verdict for plaintiff here. Such question usually arises upon motion under Ind.Rules of Procedure, Trial Rule 50(B). Under T.R. 50(B) direction of a verdict is not necessary as the court may enter judgment in the proper circumstances. Grant of a motion for judgment on the evidence carries a risk the non-moving party will be deprived of the right to trial by jury. See, e.g. discussions in *Dettman v. Sumner* (1985), Ind.App., 474 N.E.2d 100, 105; and in *Haidri v. Egolf* (1982), Ind.App., 430 N.E.2d 429, 430. Here, Brown did not object to the instruction and does not argue he was deprived of the right to trial by jury. Because appellants may appeal only those errors properly raised and preserved in the trial court, *Sharp v. Jones* (1986), Ind.App., 497 N.E.2d 593, 597, and because no objection was made to the instruction requiring the jury to find Brown "100% at fault" we do not consider the propriety of the instruction. Cf., *Groves v. First National Bank of Valparaiso* (1988), Ind.App., 518 N.E.2d 819, 824 (failure to object to instruction about attorney fee provision of purchase agreement precluded raising the issue in the motion to correct errors and waived the issue on appeal); and *Santini v. Consolidated Rail Corp.* (1987), Ind.App., 505 N.E.2d 832, 840 (allegation instruction incorrectly stated measure of damages was not preserved where no objection was made).

**1194**

Brown does not dispute the finding. He simply asserts it would be practical to limit an award to the uncontroverted medical damages.

The parties' recitations of the evidence show the degree to which they hotly contested the sources of Ernest's impairment. Ernest argues while there was evidence of a prior accident, gross obesity, and impairment resulting therefrom, as enumerated by the court's finding number four, there was also evidence of additional impairment resulting from the accident. For example, Conrad recites evidence of the extent of his injuries directly attributable to the accident. Conrad notes he was knocked unconscious (R. 278–280, 322–323, 337–341), and both of his knees struck the dashboard (R. 404), resulting in pain and impairment (R. 209). Brown points to evidence the knee problems did not result from the accident. (Deposition of Dr. Russell at 35, R. 94, 562). Brown concentrates his discussion on the extent of Ernest's preexisting medical problems. In sum, those problems began with a fall in 1978 at Allison's Detroit Diesel. After the fall Ernest required back surgeries which resulted in 100% disability. Brown and Conrads note there was evidence after Ernest returned to work at Allison's he was involved in another automobile accident and received injuries requiring hospitalization, additional back surgery, and therapy. In lengthy recitation, Ernest notes his abilities to engage in certain social and recreational activities before the accident which is the subject of this litigation. (Appellee Br. 4). He admits he was receiving 100% disability retirement benefits at the time of his accident, but argues the evidence shows his condition was worsened by this accident and shows he cannot engage in the activities he could before it occurred.

Under our standard of review, the trial court did not err by ordering a new trial limited to a determination of which injuries Conrad suffered were attributable to the accident and to a determination of their monetary value.

Because the court instructed the jury without objection Brown was 100% at fault,

i.e. negligent, and because evidence about the extent of Conrad's injuries resulting from the accident was conflicting, the court did not abuse its discretion by ordering a new trial limited to a determination of which injuries were caused by Brown's negligence and limited to a determination of the amount of damage the Conrads suffered as a result of those injuries.

AFFIRMED.

MILLER and CHEZEM, JJ., concur.