**Juanita BARNARD, Appellant–Defendant,**

v.

**Cheryle J. HIMES, Appellee–Plaintiff.**

No. 79A04–9901–CV–13.

Court of Appeals of Indiana.

Nov. 24, 1999.

Matthew C. Robinson, Jr., Yarling, Robinson, Hammel & Lamb, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Cooke, J. Aaron Cooke, The Cooke Law Office, Lafayette, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant Juanita Barnard (Barnard), appeals the trial court's Order granting the Appellee–Plaintiff Cheryle J. Himes' (Himes) Motion to Correct Errors and ordering a new trial on the issues of liability and damages.

We affirm.

### ISSUES

Barnard raises several issues on appeal, which we consolidate and restate as follows:

1. Whether the trial court failed to issue special findings of fact as required by Ind. Trial Rule 59(J)(7).

2. Whether the trial court erred in granting Himes' Motion to Correct Errors and ordering a new trial.

3. Whether the trial court erred in refusing to give an instruction on "sudden emergency."

### FACTS AND PROCEDURAL HISTORY

On December 5, 1995, at 3:30 p.m., Barnard and Himes were involved in a motor vehicle accident on Duncan Road in Lafayette, Indiana. Himes was traveling north on Duncan Road and Barnard was traveling south when Barnard crossed the centerline and struck Himes' vehicle. The weather was inclement, it was snowing, and the roads were slick. Himes declined medical treatment at the accident scene, but later experienced pain in her neck, head and lower back and subsequently sought the services of a chiropractor, Anthony Pacelli, D.C. Dr. Pacelli diagnosed

Himes as suffering from whiplash, tension headaches, paravertebral myositis/myofascitis and sacroilities.

A jury trial was held on September 22 and 23, 1998, and the jury returned a verdict for Barnard; however, the jury failed to apportion comparative fault between the parties and did not fill in the percentages of fault attributable to each party on the verdict form. Therefore, the trial judge directed the jury to retire for further deliberations. The jury later returned a completed verdict form finding Himes ninety-nine percent (99%) at fault and finding Barnard one percent (1%) at fault for the collision. Before the trial court entered a judgment in favor of Barnard, Himes moved for a judgment notwithstanding the verdict or a new trial, which the trial court took under advisement.

On October 1, 1998, Himes filed her Motion to Correct Errors, which was heard on November 10, 1998. On December 4, 1998, the trial court entered its "Order on Motion to Correct Errors and for Judgment on the Evidence" (Order). This Order granted Himes' motion under Trial Rule 59(J)(1) and ordered a new trial on the issues of damages and liability.

This appeal followed.

## DISCUSSION AND DECISION

### Standard of Review

■ The trial court granted Himes' motion to correct errors and ordered a new trial pursuant to Ind. Trial Rule 59(J). When considering a motion to correct errors and a request for new trial, a trial court is governed by Ind.Trial Rule 59(J)(7), which provides in part: "[T]he court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence ..." In making this determination, "'the trial judge has an affirmative duty to weigh conflicting evidence. The trial judge sits as a 'thirteenth juror' and must determine whether in the minds of reasonable men a contrary verdict should have been reached.'" *Precision Screen Machines, Inc. v. Hixson*, 711 N.E.2d 68, 70 (Ind.Ct.App.1999) (quoting *Memorial Hospital of South Bend, Inc. v. Scott*, 261 Ind. 27, 300 N.E.2d 50, 54 (1973)). The trial judge, as a thirteenth juror, hears the case along with the jury, observes the witnesses for their credibility, intelligence and wisdom, and determines whether the verdict is against the weight of the evidence. *Hixson*, 711 N.E.2d at 70.

■ Once the trial court has granted a new trial, the Court of Appeals will reverse this decision only for an abuse of discretion. *Schuh v. Silcox*, 581 N.E.2d 926, 927 (Ind.Ct.App.1991). An abuse of discretion will be found when the trial court's action is against the logic and effect of facts and circumstances before it and the inferences which may be drawn therefrom. *DeVittorio v. Werker Bros., Inc.*, 634 N.E.2d 528, 530 (Ind.Ct.App.1994).

■ We review the record only to see if: (a) the trial court abused its discretion; (b) a flagrant injustice has occurred; or (c) the appellant has presented a very strong case for relief from the trial court's order granting a new trial. *Hixson*, 711 N.E.2d at 70. However, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* The trial court has broad discretion to grant or deny a motion for a new trial, *Schuh*, 581 N.E.2d at 927, and the trial court's action in granting a new trial is given a strong presumption of correctness. *Keith v. Mendus*, 661 N.E.2d 26, 32 (Ind.Ct.App.1996), *trans. denied.*

Therefore, it is our duty to affirm the trial court's new trial order unless it is clearly demonstrated by Barnard that the trial court abused its discretion.

### I. Special Findings of Fact

Barnard claims that the trial court failed to comply with the provisions of T.R. 59(J)(7), which require that the trial court issue special findings of fact when ordering a new trial. *See* T.R. 59(J)(7); *see also*

*Keith,* 661 N.E.2d at 31. Barnard argues that the trial court's Order is wholly inadequate, fails to discuss or summarize the evidence, and instead focuses on only a small portion of the evidence. We disagree.

Under T.R. 59(J)(7) the trial court was required to:

> When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

■■■ "[T]he purpose of these requirements is to provide the parties and the reviewing court with the theory of the trial court's decision." *DeVittorio,* 634 N.E.2d at 531. Here, the jury returned a verdict in Barnard's favor, allocating 99% fault to Himes and 1% fault to Barnard. In its Order, the trial court states that "the jury's allocation of fault was against the weight of the evidence and a new trial should be granted in accordance with Trial Rule 59(J)(1)." (R. 184–185). Because the trial court found the jury's verdict to be against the weight of the evidence, the trial court was required to set forth "the supporting and opposing evidence to each issue upon which a new trial is granted." T.R. 59(J)(7). However, this court has held that the findings may be summarized if the summary is complete enough to facilitate appellate review. *DeVittorio,* 634 N.E.2d at 531.

In its Order, the trial court reviewed the supporting and opposing evidence. The trial court quoted Barnard's testimony in which she made certain admissions of liability. Barnard testified that she was at fault in the collision and that her vehicle crossed the centerline of the roadway and struck Himes' vehicle in Himes' lane of travel. Further, the trial court referred to Barnard's testimony that Himes was not going too fast, did not swerve or weave, and did not do anything wrong to cause the accident.

The trial court's Order found that there was no conflict in the evidence that the accident occurred after Barnard crossed the centerline and that the accident occurred in Himes' lane of travel. The trial court further found that there was no evidence admitted at trial that contradicted Barnard's admissions of fault or that contradicted Barnard's testimony regarding Himes' lack of fault.

Although the trial court may not have discussed the trial testimony line by line in its Order, it sets forth a sufficient summary for the basis of its Order granting a new trial. The trial court addressed Barnard's theory that the accident was caused due to weather conditions. The court noted that Barnard testified that a patch of ice was the reason for the accident and that she was driving not in excess of ten miles per hour at the time of the collision. The trial court also noted that the affirmative defense of sudden emergency was not raised by Barnard. Thus, the trial court did address both the supporting and opposing evidence.

Barnard further argues that the trial court's order contains no formal findings of fact and that the words "find(s)" or "finding(s)" appear only twice in the Order. However, the number of times a trial court uses the words "find(s)" or "finding(s)" is not controlling on whether the trial court properly complied with T.R. 59(J)(7). Although, the trial court did not provide us with pages of detailed findings,

it substantially complied with T.R. 59(J)(7) and provided us with sufficient findings to properly facilitate appellate review. *See DeVittorio*, 634 N.E.2d at 531.

Therefore, we conclude that the trial court's Order sufficiently complies with the requirements of T.R. 59(J)(7).

## II. Order Granting New Trial

■ Barnard asserts that the trial court erred in ordering a new trial because the trial court treated Barnard's testimony admitting fault as dispositive. Further Barnard argues that the trial court's order was in error because it failed to consider whether the jury's verdict was based on lack of proximate cause.

The issue facing the trial court was whether prejudicial or harmful error was committed by the jury in rendering its verdict, and if so, was the jury's verdict in favor of Barnard against the weight of the evidence or clearly erroneous as contrary to or not supported by the evidence. T.R. 59(J); T.R. 59(J)(7). The trial court concluded that the jury's allocation of fault was against the weight of the evidence.

Barnard contends that the trial court gave conclusive effect to her words that the accident was her "fault," and did not consider all the evidence. However, setting aside Barnard's testimony that the accident was her "fault," a review of the record still supports the trial court's Order. The facts were undisputed that Barnard crossed the centerline of Duncan Road with her vehicle and struck Himes' vehicle in Himes' lane of travel. Both Barnard and Himes agree that Himes did nothing to cause the accident. Barnard testified that Himes was not going too fast, did not swerve or weave, and did not do anything wrong to cause the accident. Thus, Barnard's testimony that it was her "fault" was of no consequence, because the other uncontroverted evidence showed that she crossed the centerline and struck Himes's vehicle in her lane of travel.

Moreover, there was no evidence to support the jury's allocation of ninety-nine percent (99%) of the fault to Himes. Barnard urges that the issue is not whether the evidence supported the jury's allocation of 99% fault to Himes, but whether the evidence supported any allocation of fault to Himes over 50%. However, this distinction is irrelevant because there was no evidence supporting any allocation of fault against Himes, whether 51 % or 99%.

Additionally, Barnard argues that the trial court's Order does not address the issue of causation and that the jury could have properly found from the evidence that the accident did not cause Himes' injuries. What Barnard overlooks, however, is that the jury's allocation of fault was not supported by the evidence and even if the jury believed that the collision did not cause Himes' injuries, the evidence still did not support the jury's allocation of 99% of the fault to Himes. The jury did not reach the issue of causation of Himes' injuries because the jury found that Himes was at fault for the collision.

Furthermore, the evidence presented at trial, including the testimony of Barnard's expert witness, demonstrated that Himes was injured as a result of the accident. Barnard's expert witness, Dr. Norman Oestrike, conceded in his testimony that Himes was injured as a result of the accident and suffered "a mild lumbar strain that resolved." (R. 534). Himes' witness, Dr. Pacelli, also testified that Himes was injured a result of the accident. Because there is evidence of causation here, this case is unlike our decision in *Conklin v. Demastus*, 574 N.E.2d 935 (Ind.Ct.App. 1991), which Barnard relies on. *See Id.* at 938, 940. (Trial court's grant of new trial was reversed where jury found plaintiff over fifty percent at fault for collision even though defendant had acknowledged liability, because the evidence did not show that the plaintiff's injuries were caused by the accident.)

Barnard's reliance on *Baskin v. Jones*, 470 N.E.2d 82 (Ind.Ct.App.1984) is also

misplaced. In *Baskin*, the plaintiff was a passenger in a vehicle which was struck in the rear by a vehicle driven by the defendant, after the defendant's vehicle slid on an unexpected patch of ice on the roadway. *Id.* The vehicles were traveling at about 5 m.p.h. at the time of the collision and there was little property damage to the vehicles. *Id.* at 83. In affirming a jury verdict for the defendant, this court noted that under the facts of the case, the jury may have determined that the plaintiff's injuries were preexisting. *Id.* Here, however, we have evidence from the defendant's expert that Himes suffered an injury as a result of this collision. Further, in *Baskin*, the plaintiff argued that the jury verdict was contrary to law and thus, we reviewed the facts most favorable to the verdict. *Id.* In this case, Barnard is appealing the trial court's grant of a new trial, and our standard of review requires considerable deference to the trial court's decision to order a new trial.

Therefore, we conclude that the trial court properly exercised its discretion in granting Himes' motion to correct errors and for new trial.

*"Sudden Emergency" Jury Instruction*

▆▆▆ Barnard argues that the trial court erred in refusing to give the jury, Barnard's tendered instruction regarding "sudden emergency." [1] Our standard of review in reviewing a trial court refusal to give an instruction is abuse of discretion. *Hagerman Const., Inc. v. Copeland*, 697 N.E.2d 948, 959 (Ind.Ct.App.1998), *trans. denied.* In reviewing this issue, we apply a three-part inquiry: "1) whether the tendered instruction is a correct statement of the law; 2) whether there is evidence in the record to support the instruction; and 3) whether the substance of the instruction is covered by other instructions given by the court." *Miller v. Ryan*, 706 N.E.2d 244, 248 (Ind.Ct.App.1999). An instruction is properly rejected if it would tend to mislead or confuse the jury. *Id.* Further, "even if the instruction is a correct statement of the law, is supported by the evidence, and is not covered by the other instructions, we will not reverse unless the failure to give the instruction substantially and adversely affects the rights of the complaining party so as to quite likely have affected the result." *Id.*

Here, because we have affirmed the trial court's grant of a new trial, we need not necessarily reach this issue concerning the trial court's refusal to instruct the jury on "sudden emergency." However, because this matter may again arise on retrial, we will address the merits of the issue with regard to the facts as determined at this trial.

▆▆▆ Each party to an action in Indiana is entitled to have the jury instructed upon his particular theory. *Sullivan v. Fairmont Homes, Inc.*, 543 N.E.2d 1130, 1137 (Ind.Ct.App.1989). The sudden emergency doctrine is an affirmative defense and the trial court has a duty to instruct the jury on this defense if the evidence presented at trial supports the instruction. *Frito–Lay, Inc. v. Cloud*, 569 N.E.2d 983, 987 (Ind.Ct.App.1991). In the case at hand, Barnard did not raise sudden emergency as an affirmative defense, but did seek to have the jury instructed on this defense based on the evidence presented at trial.

1. Barnard's proposed final instruction No. 9 stated as follows: When a person is confronted with a sudden emergency not of the person's own making without sufficient time to determine with certainty the best course to pursue, the person is not held to the same accuracy of judgment as would be required of her if she had time for deliberation. Accordingly, if the person exercises such care as an ordinarily prudent person would exercise when confronted with a similar emergency, she is not at fault.

In this case, if you should find from the evidence that the defendant, Juanita Barnard, was confronted with a sudden emergency and that she then pursued a course of action that an ordinary prudent person would have pursued when confronted with the same or similar emergency, then you may not assess fault to the defendant, Juanita Barnard.

 "The doctrine of sudden emergency recognizes that a reasonable person innocently deprived of time to consider his actions does not always exercise the same accuracy of judgment as one who has had the opportunity for reflection." *Sullivan,* 543 N.E.2d at 1137. There are three factual prerequisites to an instruction on sudden emergency, which are: 1) the actor must not have created or brought about the emergency through his own negligence; 2) the danger or peril confronting the actor must appear to be so imminent as to leave no time for deliberation; and 3) the actor's apprehension of the peril must itself be reasonable. *Id.* Furthermore, the emergency does not necessarily have to be caused by another person rather than natural forces. *Id.* at 1138. Therefore, the emergency can be the result of a naturally occurring event, such as snow or ice.

 In this case, however, we find that the evidence at trial did not support a "sudden emergency" instruction because the evidence did not demonstrate that the danger or peril confronting Barnard appeared to be so imminent as to leave her with no time for deliberation. *See Id.; see also Weinand v. Johnson,* 622 N.E.2d 1321, 1326 (Ind.Ct.App.1993). The evidence indicates that the inclement weather conditions on the day of the collision began before the time of the collision. Barnard testified that she left work early that day due to the weather conditions. Thus, the snowy and icy conditions of the road were known to Barnard prior to the collision, and consequently, she was not confronted with a danger so imminent as to leave her with no time for deliberation.

Therefore, we find that under the facts of this case, the trial court properly denied Barnard's tendered instruction on sudden emergency. Because we find that the sudden emergency instruction was not supported by the evidence, we need not address whether the instruction was a correct statement of the law or whether its substance was covered by other instructions which were given.

## CONCLUSION

Based on the foregoing, we find that the trial court properly exercised its discretion in granting Himes' motion for new trial and properly refused Barnard's "sudden emergency" instruction.

Affirmed.

ROBB, J., and FRIEDLANDER, J., concur.