FILED

May 21 2019, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Michael K. Nisbet
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Rodney L. Scott
Carli A. Clowers
Waters Tyler Hofmann & Scott, LLC
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Latoya Torrence,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Courtney Gamble,<br>*Appellee-Defendant.* | May 21, 2019<br><br>Court of Appeals Case No.<br>18A-CT-2695<br><br>Appeal from the Clark Circuit Court<br><br>The Honorable Bradley Jacobs, Judge<br><br>Trial Court Cause No.<br>10C02-1505-CT-68 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, LaToya Torrence (Torrence), appeals the jury's verdict in favor of Appellee-Defendant, Courtney Gamble (Gamble), following a personal injury action arising out of a motor vehicle accident.

We affirm.

# ISSUE

Torrence raises three issues on appeal, which we consolidate and restate as: Whether the trial court properly instructed the jury by providing it with a general verdict form based on Indiana Model Civil Jury Instruction Verdict Form 5017 in favor of Gamble.

# FACTS AND PROCEDURAL HISTORY

Torrence's personal injury action against Gamble arises out of a motor vehicle accident. On July 30, 2013, Torrence was stopped in the south bound lane of Allison Lane in Clark County, Indiana, waiting for oncoming traffic to clear before turning left. While Torrence was waiting, Gamble rear-ended Torrence's vehicle. The accident resulted in substantial damage to the vehicles and personal injury to Torrence.

On May 13, 2015, Torrence filed a Complaint, alleging negligence and seeking property damages, as well as damages for lost wages, and medical expenses. Gamble denied liability for the accident and asserted a comparative fault defense in her Answer to Torrence's Complaint. On September 25 and 26,

2018, a jury trial was conducted. At the conclusion of the presentation of evidence, the trial court discussed the proposed final jury instructions with the parties outside the presence of the jury. The trial court provided the jury with 19 Final Instructions and 4 Jury Verdict forms. Jury Verdict Forms A, B, and C were referenced in Final Instruction 17, which outlined the procedure the jury was to utilize to determine fault and damages in accordance with the Comparative Fault Doctrine. Verdict Form D—which was offered by Gamble and objected to by Torrence—was based on Indiana Model Civil Jury Instruction Verdict Form 5017 and read as follows:

> We, the Jury, decide in favor of the Defendant, [Gamble], and against the Plaintiff, [Torrence].

(Transcript Vol. II, p. 143). As no written instruction was given to the jurors on the applicability of Verdict Form D, the trial court allowed the parties to address the use of Verdict Form D in closing argument. After deliberations, the jury returned a verdict for Gamble and against Torrence, using Verdict Form D. The trial court entered judgment on the verdict.

[6] Torrence now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[7] Torrence contends that the trial court abused its discretion by allowing the jury to consider a general verdict form in violation of the Comparative Fault Act. Jury instructions serve to inform the jury of the law applicable to the facts presented at trial, enabling it to comprehend the case sufficiently to arrive at a

just and correct verdict. *Blocher v. DeBartolo Properties Mgmt., Inc.*, 760 N.E.2d 229, 235 (Ind. Ct. App. 2001), *trans. denied*. Jury instructions are committed to the sound discretion of the trial court. *Id*. In evaluating the propriety of a given instruction, we consider: 1) whether the instruction correctly states the law, 2) whether there is evidence in the record supporting the instruction, and 3) whether the substance of the instruction is covered by other instructions. *Id*. When seeking a new trial on the basis of an improper jury instruction, a party must show a reasonable probability that her substantial rights have been adversely affected. *Elmer Buchta Trucking, Inc. v. Stanley*, 744 N.E.2d 939, 944 (Ind. 2001). However, if the instruction is challenged as an incorrect statement of the law, the applicable standard of review is *de novo,* and we will not defer to the trial court's interpretation of the law. *Hill v. Rhinehart*, 45 N.E.3d 427, 439 (Ind. Ct. App. 2015). An erroneous instruction warrants reversal only if it could have formed the basis for the jury's verdict. *Id*.

[8]     At trial, the jury was provided with Verdict Form D—a general verdict form— which instructed that the jury could decide "in favor of the Defendant, [Gamble], and against the Plaintiff, [Torrence]" and no further deliberation would be necessary. Torrence argues that by giving this general instruction and using Verdict Form D, the trial court violated Indiana Code section 34-51-2-7(b), which reads, in pertinent part:

> The court, unless all parties agree otherwise, shall instruct the
> jury to determine its verdict in the following manner:

(1) The jury shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a nonparty. The jury may not be informed of any immunity defense that is available to a nonparty. In assessing percentage of fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property, tangible or intangible, regardless of whether the person was or could have been named as a party. The percentage of fault of parties to the action may total less than one hundred percent (100%) if the jury finds that fault contributing to cause the claimant's loss has also come from a nonparty or nonparties.

Focusing on the statutory language—"shall determine the percentage of fault"—Torrence argues that the Comparative Fault Act does not allow the jury to enter a general verdict in favor of a defendant without first determining and apportioning fault.

Indiana Code section 34-51-2-11 specifies the verdict forms a trial court can tender to a jury and provides that a trial court must

furnish to the jury forms of verdicts that require only the disclosure of:

(1) The percentage of fault charged against each party and nonparty; and

(2) The amount of the verdict against each defendant.

If the evidence in the action is sufficient to support the charging of fault to a nonparty, the form of verdict shall require a

disclosure of the name of the nonparty and the percentage of fault charged to the nonparty.

Besides giving general guidelines on the use of verdict forms, the statutes do not impose any restrictions on the trial court regarding the verbiage or specificity of the verdict forms.

[10] In *Utley v. Healy*, 663 N.E.2d 229 (Ind. Ct. App. 1996), *trans. denied*, we directly addressed the issue currently before us. In *Utley*, Utley filed a complaint seeking damages from Healy after Healy ran a stop sign at an intersection. *Id.* at 231. At trial, the trial court instructed the jury by providing it three verdict forms, one of which simply stated, "We, the jury find for the defendant." *Id.* at 233. Like Torrence, Utley claimed that the Comparative Fault Act was violated because the jury was not required to first allocate the percentages of fault. *Id.* This court upheld the general verdict form, finding that

> It is a 'time wasting effort' for the jury to first determine that Healy was 0% at fault, apportion the remainder of the percentages between the city and [Utley] and then conclude that Healy was not negligent. This action is merely an exercise in futility since ultimately the jury found Healy not negligent . . . Once the jury concluded that Healy was not negligent, there was no reasonable purpose for the jury to engage in a further allocation of fault.

*Id.* at 234 (citing *Evans v. Schenk Cattle Co., Inc.*, 558 N.E.2d 892, 896 (Ind. Ct. App. 1990)).

[11]   On the other hand, we find *Brown v. Conrad*, 531 N.E.2d 1190 (Ind. Ct. App. 1988), relied upon by Torrence, inapposite to the situation at hand as it was decided on different grounds. In *Brown*, this court affirmed the trial court's grant of a new trial after the jury returned a general verdict in favor of Brown. The trial court ordered a new trial because, unlike here, the jury's verdict was contrary to the evidence presented at trial, as well as against the trial court's explicit instruction in which "the [c]ourt instructs you that as a matter of law you must find [Brown] to be 100% at fault in this case." *Id*. at 1191.

[12]   In the case at bar, the trial court provided the jury with four possible verdict forms depending upon the evidence found credible by the jury. Together with the four possible verdict forms, the jury also received written instructions on how to use three verdict forms. They did not receive written instructions on Verdict Form D. At the close of the evidence, the parties were given an opportunity to educate the jury on the different verdict forms during closing argument. Accordingly, Gamble's counsel focused part of the closing argument on how to use Verdict Form D. Unlike *Utley*, where the trial court thoroughly instructed the jury on all verdict forms, here, the trial court did not provide any instructions, be it written or verbal, on Verdict Form D instead leaving it up to the parties to educate the jury. As a result, undue emphasis was placed on a single instruction. We find that the better practice would have been to have either provided the jury with Verdict Form D and written instructions—similar to the other verdict forms—or not to tender Verdict Form D at all.

However, to receive a new trial, Torrence must show a reasonable probability that her substantial rights have been adversely affected by the undue focus on Verdict Form D. *See Elmer Buchta Trucking, Inc.*, 744 N.E.2d at 944. At trial, the jury was presented with contradictory testimony, with Torrence testifying that she was stopped with her left turn signal on and Gamble stating that Torrence's brake lights were not illuminated and her left turn signal was off. Gamble further introduced evidence that Torrence had been in prior accidents and that she had been treated for nearly identical medical issues prior to the current incident. Torrence admitted to pre-existing injuries following a slip and fall in 2010. By returning the general verdict form in favor of Gamble, the jury credited the evidence in her favor and determined that Torrence had failed to satisfy her burden of proof. It was within the province of the jury to determine and weigh the credibility of the parties and evidence admitted and reach a verdict thereon. Therefore, we find that any error in jury instruction was harmless and we affirm the trial court's judgment.

## CONCLUSION

Based on the foregoing, we hold that although the trial court failed to properly instructed the jury, Torrence's substantial rights were not adversely affected.

Affirmed.

Bailey, J. & Pyle, J. concur