KOSHER DAIRY COMPANY, A CORPORATION, RESPONDENT, v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, A CORPORATION, APPELLANT.

Submitted March 23, 1914—Decided September 25, 1914.

1. The word "either" means: 1. Each of two; the one and the other. 2. One of two; the one or the other.
2. Language is well known to be ambiguous, and many words have two or more meanings. Jurors are presumed to understand the English language and to understand the various shades of meaning which words possess. The jury in this case was presumed to know that the word "either" meant *one or both* of two things, accordingly as it was intended to mean one or both, and when, not only within a single paragraph but within a single sentence of the charge, the trial judge instructed the jury that it was incumbent upon the appellant to have a bell on each engine rung continuously in approaching a grade crossing, or a steam whistle sounded, &c., until the engine shall have crossed the highway, and, on failure to give either of these signals in approaching the crossing, &c., they are presumed to have understood the judge to use the word "either" in the sense that the company was negligent only if *neither* the bell was rung *nor* the whistle sounded, and that it was not negligent if it rung the bell but did not sound the whistle or *vice versa.*

3. When inconsistent requests to charge are preferred, doubtless the party cannot be heard to complain of the court's selection, because, even if a wrong request is selected and an erroneous charge made, it was induced by the party's own act; but, alternative prayers to charge may be made where they set forth varying propositions of law or fact, or blended questions of law and fact, accordingly as the law or the facts may be found in a given case by the court or the jury, according to their respective functions.

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin.*

For the respondent, *William B. Stites.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This is an appeal from a judgment of the Supreme Court affirming a judgment of the District Court of the city of Hoboken in favor of the respondent and against the appellant.

The action was one for damages for the killing of cows driven over a railroad crossing, which killing was alleged to have been occasioned by the negligence of the railroad company.

It is strenuously argued that the trial court erred in its charge to the jury respecting the necessity for giving one or the other of the statutory signals by bell or whistle. What the trial judge said to the jury on that question was as follows:

"Now, under the law—that is, under our statute—it is incumbent upon the railroad company to have a bell on each engine weighing not less than thirty pounds and rung continuously in approaching a grade crossing of a highway beginning at a distance of at least three hundred yards from the crossing and continuing until the engine has crossed such highway, or a steam whistle shall be attached to each engine and rung at intervals until the engine shall have crossed such highway, and the failure, if there was such failure, on the part of the defendant company in this case, to give either of the statutory signals in approaching the crossing, that would

constitute negligence on the part of the defendant. Now, then, whether the railroad company performed its duty in that regard is a question for you to determine."

The law of the case in this regard was laid down in the opinion of the Supreme Court in *Kosher Dairy Co.* v. *New York, Susquehanna and Western Railroad Co.*, 83 *N. J. L.* 270, (at *p.* 272), on the review of a former trial of this cause, as follows:

"The failure, on the part of the defendant company, to give either of the statutory signals in approaching the crossing would constitute negligence."

The Supreme Court, in treating of this question in its opinion in the case at bar, observed:

"A failure to give either (signal) means the omission of both; and the court having once been reversed on that point, was plainly following the language of the opinion in this case" (quoting the language above copied from 83 *N. J. L.,* at *p.* 272).

We agree with the Supreme Court that the criticism of the judge's charge in the case under review was "a misapprehension of the language used, as the context clearly indicates."

In Webster's New International Dictionary the word "either" is defined: "1. Each of two; the one and the other. 2. One of two; the one or the other."

Language is well known to be ambiguous, and many words have two or more meanings. Jurors are presumed to understand the English language and to understand the various shades of meaning which words possess. The jury in this case was presumed to know that the word "either" meant *one or both* of two things, accordingly as it was intended to mean one or both, and when within a single paragraph, nay more, within a single sentence, of the charge, the trial judge instructed the jury that it was incumbent upon the appellant to have a bell on each engine, rung continuously in approaching a grade crossing, or a steam whistle, sounded, &c., until the engine shall have crossed the highway, and, on failure to give either of these signals in approaching the crossing, &c., they are presumed to have understood the judge to use the word

"either" in the sense that the company was negligent only if *neither* the bell was rung *nor* the whistle sounded, and that it was not negligent if it rung the bell but did not sound the whistle or *vice versa*.

Doubtless the trial court could have used a more perspicuous formula of expression in instructing the jury upon the company's duty with respect to the statutory signals, but we find no error in the charge as delivered upon that question. Furthermore, if anything were wanting in the charge of the trial judge to elucidate to the jury the sense in which the word "either" was used, it seems to have been supplied in a subsequent part of the charge where he said:

"So far as the whistle *or* the ringing of the bell on the locomotive are concerned; there has also been evidence," &c.

And still further on where he said:

"It is for you to consider and determine which of the witnesses was telling the true story; for instance, on the question of giving these signals as required by the statute—that is, the ringing of the bell *or* the sounding of the whistle. This part of the testimony, as you recall it, was contradicted."

Errors alleged with reference to the charge of the trial court will now be noticed. First, it was urged that the trial court should have charged request 3-a, which was that

"There is no evidence to justify a verdict against the defendant by reason of alleged failure of the crossing bell to ring."

We think there was such evidence, and, therefore, the refusal was right.

But we are not in accord with the Supreme Court in its observation that as this request was preferred in connection with three other alternative or inconsistent requests, the rule is that the party cannot be heard to complain of the court's selection. These requests were preferred in these formulæ:

"3-a. There is no evidence to justify a verdict against the defendant by reason of alleged failure of the crossing bell to ring.

"If 3-a is refused, then No. 4.

"4. If crossing bell was ringing in time to give drovers due

warning of the approach of the train, defendant was not negligent with respect thereto.

"5. If crossing bell was not ringing before train reached crossing in time to give due warning to the drovers of the approach of the train, the plaintiff is not entitled to recover on that ground, unless the evidence shows that the failure of the crossing bell to ring was caused by the defendant's negligence.

"6. If crossing bell did not ring in time to give due warning to the drovers of the approach of the train, plaintiff cannot recover on that ground unless the evidence shows that the defendant knew that the bell was out of order, or that the bell was out of order a sufficient length of time before the accident to charge defendant with knowledge that it was out of order."

Request 3-a was refused, and rightly so, as stated. Requests 4 and 5 were charged, and 6 was charged with this *addendum:*

"With regard to that you recall what the testimony was on the part of the defendant and plaintiff as to this crossing bell," so that the charge, as to that request, *in toto,* was as as follows:

"Request No. 6. If crossing bell did not ring in time to give due warning to the drovers of the approach of the train, plaintiff cannot recover on that ground unless the evidence shows that the defendant knew that the bell was out of order, or that the bell was out of order a sufficient length of time before the accident to charge defendant with knowledge that it was out of order. With regard to that you recall what the testimony was on the part of the defendant and plaintiff as to this crossing bell."

The Supreme Court inadvertently, we think, characterized these requests as "alternative or inconsistent." They were alternative but not inconsistent. In support of its observation that a party will not be heard to complain of the court's selection of "alternative or inconsistent requests," 38 *Cyc.* 1711 is cited as authority. The text referred to is under a headline "Inconsistent requests," and perusal of it shows at a glance that it does not treat at all of alternative requests. It is as follows:

"A party is bound by the theory of the case presented by the

instructions given at his instance, and it is proper to refuse instructions requested by him which are inconsistent with other instructions given at his request; and where several instructions are requested, some of which are inconsistent with the others and involve different theories of the case, a party submitting such instructions cannot complain of the trial court in adopting one of the theories of the case and giving the instructions applicable thereto and refusing those which are inconsistent with the ones given."

When inconsistent requests to charge are preferred, doubtless the party cannot be heard to complain of the court's selection, because, even if a wrong one is selected and an erroneous charge made, it was induced by the party's own act; but alternative prayers to charge may be made where they set forth varying propositions of law or fact, or blended questions of law and fact, accordingly as the law or the facts may be found in a given case by the court or the jury, according to their respective functions.

That prayers to charge may be in the alternative is quite analogous to prayers for alternative relief in a bill in chancery, which are permitted. *Dan. Ch. Pl. & Pr.* *384; *Shield* v. *Barrow*, 17 *How.* (*U. S.*) 130; 15 *L. Ed.* 158.

There was no impropriety in the alternative requests in the case at bar. They dealt with varying facts, one or more of which the jury might have found to the exclusion of others. The judge charged all of them except 3-a, which was properly refused; and, therefore, in our judgment, there was no error prejudicial to the defendant.

In regard to the other questions discussed in the opinion of the Supreme Court we are satisfied with that court's deliverance, and the judgment under review will, therefore, be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, HEPPENHEIMER, JJ. 10.

*For reversal*—None.