Nancy LINVILLE and Bill Linville, Appellants–Plaintiffs,

v.

Rick D. PRESSLEY, Appellee– Defendant.

No. 49A04–0006–CV–235.

Court of Appeals of Indiana.

March 6, 2001.

David M. Henn, Stowers Weddle & Henn, Indianapolis, IN, Attorney for Appellants.

Kyle M. Baker, M. Michael Stephenson, McNeely, Stephenson, Thopy & Harrold, Shelbyville, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Plaintiffs Nancy Linville and Bill Linville (collectively "the Linvilles") appeal a judgment entered upon a jury verdict in favor of Appellee–Defendant Rick Pressley ("Pressley"). We affirm.

### Issue

The Linvilles present for review a single issue, restated as follows: whether the trial court properly instructed the jury on the sudden emergency doctrine.

### Facts and Procedural History

On June 13, 1996, Nancy Linville ("Nancy") was a passenger in a van headed eastbound on Interstate 70 in Indianapolis, Indiana. Due to road construction, the traffic east bound on Interstate 70 was required to merge into the left-hand lanes. David Vandergrift ("Vandergrift"), the driver of the van in which Nancy was a passenger, crested the hill west of the Shadeland Avenue exit and Interstate 465 and observed that the interstate traffic was stopped. Vandergrift brought his van to a stop, but a few seconds later the van was struck by a truck driven by Pressley. Nancy was injured during the collision.

On May 12, 1998, the Linvilles filed a complaint against Pressley. On November 13, 1998, the Linvilles filed an amended

complaint and added Vasey Commercial Heating & Air Conditioning, Inc. ("Vasey") as a defendant. Vasey was subsequently dismissed as a defendant, and the complaint against Pressley was brought to trial on March 21, 2000. On March 23, 2000, the jury returned a verdict in favor of Pressley. The Linvilles moved for a new trial, and the motion was denied. The Linvilles now appeal.

### Discussion and Decision

The Linvilles contend that the trial court erred in instructing the jury on the sudden emergency doctrine, as follows:

A person confronted with a sudden emergency, not of his own making and without sufficient time to deliberate, is not held to the same accuracy of judgment as one who had time to deliberate. Accordingly, a person is not at fault if he exercises such care as an ordinarily prudent person would exercise when confronted with a similar emergency. If you should find from the evidence that a sudden emergency confronted Rick D. Pressley and that he responded as an ordinarily prudent person would have when confronted with the same or similar emergency, then the defendant is not at fault.

(R. 189.) Specifically, the Linvilles claim that the foregoing instruction lacks evidentiary support, misstates the law and is inappropriate under Indiana's comparative fault scheme. However, the Linvilles failed to lodge these objections to the foregoing instruction in the trial court. Instead, the Linvilles objected that the proposed sudden emergency instruction omitted the phrase "without sufficient time to deliberate," consistent with the most recent version of the corresponding pattern jury instruction. (R. 571–2.) The trial court added the language requested by the Linvilles, and the Linvilles lodged no other objection to the sudden emergency instruction. A party claiming error in the giving of an instruction is limited to his stated objection at trial. *Southport Little League v. Vaughan*, 734 N.E.2d 261, 273 (Ind.Ct.App.2000). Thus, the challenges that the Linvilles now raise to the sudden emergency instruction are waived due to their failure to specifically state those grounds for their objection in the trial court. Indiana Trial Rule 51(C).[1]

Affirmed.

FRIEDLANDER, J., and MATTINGLY, J., concur.

---

1. Although not preserved for our review, we would be remiss in failing to point out that although the language of the instruction was not erroneous, the giving of it was. Our review of the record indicates a lack of evidentiary support for a sudden emergency instruction. An instruction on sudden emergency is appropriate only when there is evidence that (1) the actor seeking the benefit of the defense did not, through his own negligence, create the sudden emergency, (2) the appearance of danger was so imminent that the actor was left with no time for deliberation, and (3) the actor's apprehension of the peril was reasonable. *Barnard v. Himes*, 719 N.E.2d 862, 868 (Ind.Ct. App.1999), *trans. denied.* The sudden emergency doctrine recognizes that a reasonable person innocently deprived of time to consider his actions does not always exercise the same accuracy of judgment as one who has had the opportunity for reflection. *Sullivan v. Fairmont Homes, Inc.*, 543 N.E.2d 1130, 1137 (Ind.Ct.App.1989). However, the doctrine does not relieve a motorist of his duty to maintain a proper lookout while operating a vehicle as a reasonably prudent person would do in the same or similar circumstances. The duty to keep a lookout is imposed upon a motorist so that he may become aware of dangerous situations and conditions to enable him to take appropriate precautionary measures to avoid injury. *Cole v. Gohmann*, 727 N.E.2d 1111, 1115 (Ind.Ct.App.2000). Moreover, a motorist must decrease the speed of his vehicle when warranted. *See* Indiana Code section 9–21–5–1 (mandating restriction of speed as necessary to avoid a collision); Indiana Code section 9–21–5–4(3) (mandating a reduction of speed when approaching a hill crest); and Indiana Code section 9–21–8–14 (prohibiting a vehicle from following another vehicle too closely).

The evidence of record indicates that Vandergrift and Pressley were operating their ve-

hicles in a road construction zone, and were required to divert their vehicles into a left-hand lane before reaching the Shadeland Avenue exit. Thus, Pressley was aware of the construction-related activity before cresting the hill on which the collision occurred. At least thirty vehicles had completely stopped on the interstate lanes, but Pressley was the only driver unable to come to a stop without colliding with another vehicle. Pressley failed to show that he kept a proper lookout while maintaining an appropriate speed and distance, but was nevertheless confronted with a sudden perilous situation such that he lacked time for deliberation. Stopped traffic in a construction zone is a foreseeable event rather than an "emergency." Accordingly, the giving of the sudden emergency instruction was improper under these circumstances.