ATTORNEYS FOR APPELLANT
Robert K. Stanley
Kevin M. Toner
Jon B. Laramore
Lucetta Pope
Indianapolis, Indiana

Eric M. Cavanaugh
Plainfield, Indiana

ATTORNEYS FOR APPELLEES
Linda George
W. Russell Sipes
Kathleen A. Musgrave
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S02-0405-CV-217

PSI ENERGY, INC.,

*Appellant (Defendant below),*

v.

WILLIAM LEE ROBERTS, JR., AND
BEVERLY ROBERTS,

*Appellees (Plaintiffs below).*

Appeal from the Marion Superior Court, No. 49D02-9601-MI-0001-687
The Honorable Kenneth H. Johnson, Judge

On Petition for Rehearing

**September 27, 2005**

**Boehm, Justice.**

PSI Energy, Inc. has petitioned for rehearing raising an important point of Indiana trial procedure that we have not explicitly addressed. We held that PSI had correctly argued that an employee of a contractor hired to deal with asbestos under most circumstances had no claim against a landowner on whose premises the work exposing the worker to asbestos took place. PSI Energy, Inc. v. Roberts, 829 N.E.2d 943, 948 (Ind. 2005). We held, however, that the jury's

verdict was sustainable under the instruction on premises liability which was based largely on the Restatement (Second) of Torts § 343 (1965) and our decision in Burrell v. Meads, 569 N.E.2d 637, 643 (1991). This instruction was given without objection and the appeal did not raise any issue as to it or any refused instruction. Accordingly, the only issue on appeal was the sufficiency of the evidence. On that basis we affirmed the trial court judgment in favor of the plaintiff. As PSI points out, the only authority we cited for affirming the jury verdict under these circumstances was Picadilly, Inc. v. Colvin, 519 N.E.2d 1217, 1221 (Ind. 1988), and in Picadilly the issue on appeal was whether the jury was properly instructed, not whether the evidence was sufficient. PSI is therefore correct that our holding represented an extension of existing authority from this Court on the point of the steps necessary to preserve an issue of sufficiency of the evidence in a civil case. Because this is an issue likely to recur, we grant rehearing to elaborate on it.

PSI seeks rehearing, pointing out that under federal court procedure, and under the procedures in some other states, it is not necessary to object to instructions in order to preserve for appeal a claim that a motion for judgment on the evidence[1] was erroneously denied even if the evidence supported the judgment under the instructions.[2] The basis for that view is usually expressed as the absence of the need to reiterate a position that has already been explained to the trial court in other motions. In this case PSI says it had filed motions for summary judgment and for judgment on the evidence that raised the same or related issues. Of these, only the post-trial motion to correct errors is in the record, but we assume the earlier motion for judgment on the evidence asserted the same grounds.

There is, however, an important difference between the Indiana Trial Rules and the Federal Rules of Civil Procedure that is relevant to this issue. Under the Indiana Trial Rules, in contrast to federal practice, the sufficiency of the evidence in a civil case may be raised as to a given issue or the entire case under four different subsections of Trial Rule 50(A). Specifically,

---

[1] In federal practice this is now denominated "judgment as a matter of law." In both federal and state practice "directed verdict" and "judgment n.o.v." were at one time used to describe the same thing.

[2] The federal authority is less than wholly conclusive, but we agree that PSI correctly states the prevailing doctrine as expressed by a large majority of commentators and courts. See generally 9A Wright & Miller, Federal Practice & Procedure § 2537 (West 1995 & Supp. 2005).

the issue may be presented either (1) after the conclusion of the plaintiff's case,[3] or (2) and (3) at the conclusion of the presentation of evidence by all parties, or (4) in a motion to correct errors, which, pursuant to Trial Rule 59, may be filed within thirty days after judgment. Federal procedure permits a trial court to order a new trial, but does not permit a motion for judgment on the evidence to be presented for the first time after judgment. The federal counterpart to judgment on the evidence ("judgment as a matter of law") may be raised after trial under F.R.C.P. 50(b) only if it is a renewal of a motion for judgment as a matter of law made under F.R.C.P. 50(a)(2) "at any time before submission of the case to the jury." Both before and after the 1995 revision of F.R.C.P. 50, failure to present an issue "during trial" under F.R.C.P. 50(a) precluded appellate review of the issue.[4]

Because a presubmission motion under F.R.C.P. 50(a) is a prerequisite to a post-trial motion based on sufficiency of the evidence, in general, federal appellate review of sufficiency of the evidence requires a motion under F.R.C.P. 50(a) in the trial court. 9 Moore's Federal Practice, § 50.93[2] (Matthew Bender 3d ed. 2005) ("the reviewing court may not order judgment as a matter of law on appeal when the verdict loser fails strictly to comply with the procedural requirements of Rule 50(b)"). In light of the explicit provision in Indiana Trial Rule 59 for raising sufficiency of the evidence even after judgment has been entered, we think Indiana Trial Rules 50(A)(4) and 59 make clear that an issue presented under Trial Rule 59 is preserved for appeal even if it was never raised during the trial. In this respect Indiana trial practice differs significantly from federal practice. Indiana is thus more lenient in allowing belated raising of the issue that may be presented under a Trial Rule 59 motion to correct errors.

---

[3] This is carefully described as the completion of the evidence presented by the party with the burden of proof. In this case, as typically, it is the plaintiff's burden to prove the elements of its claim, and there is no issue on which PSI carried the burden of proof. Under Trial Rule 50(A)(5) sufficiency in a criminal case may be raised for the first time on appeal.

[4] Mathieu v. Gopher News Co., 273 F.3d 769, 777 (8th Cir. 2001) ("Strict adherence to the rule [requiring renewal of a 50(a) motion under 50(b)] comports with its underlying policy of preventing questions concerning compliance with the Seventh Amendment."); Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1364 (7th Cir. 1996) (failure to renew motion for judgment as a matter of law at close of the evidence precludes appellate review); Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 367 (2d Cir. 1988) (a party is not entitled to a judgment n.o.v. (F.R.C.P. 50(b)) on a ground not raised in a motion for a directed verdict (F.R.C.P. 50 (a))); United States v. Fenix & Scisson, Inc., 360 F.2d 260, 265-66 (10th Cir. 1966) (trial court must be made aware of the movant's position during trial before a motion for judgment n.o.v. can be entertained). See generally 9A Wright & Miller at § 2537.

We believe, however, that a party in a civil trial should be required to present any challenges to the instructions at a time when they are still correctible. Errors in the instructions must be preserved by objection to the instruction or tender of an alternative. Trial Rule 51(C) provides: "No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider the verdict, stating distinctly the matter to which he objects and the grounds of his objection."[5] Rule 51(C) thus expresses the same policy reflected in the federal requirement of a presubmission motion under F.R.C.P. 50(a): claim of errors in the instructions must be raised in the trial court at a time when they are still correctable. The jury members who have given their service to hear the case should have the opportunity to address it under the correct legal rules. And, of course, retrials, which are the usual result of incorrect instructions, inevitably tax judicial resources.

Under federal practice, the objective of timely focusing the trial court on the issue is generally preserved by the requirement that a motion for judgment as a matter of law be presented before submission to the jury, when correction of instructions is still possible. Indiana trial procedure permits the sufficiency of the evidence to be raised even after trial. If the instructions are, in effect, subject to challenge for the first time in a motion to correct error via an attack on the sufficiency of the evidence under a different rule of law from the rule embodied in the instruction, the opportunity for rework of judicial process is maximized. We explicitly hold, therefore, as was implicit in our principal opinion, that in a civil case the only issue preserved by a motion challenging the sufficiency of the evidence under Trial Rule 50 or Trial Rule 59 is the sufficiency of the evidence under the instructions.

A secondary consideration sometimes is advanced in support of the federal practice. Some have urged that the parties need to submit proposed instructions consistent with the trial court's earlier rulings if they are to be heard on the issue at all, so it is unreasonable to expect them to continue to debate the trial court's earlier rulings.[6] We do not find that reason

---

[5] Rule 51(C) does not control this appeal because it is sufficiency of the evidence, not the instructions that PSI challenges on appeal. The quoted Trial Rule 51(C) language appeared in F.R.C.P. 51 until 2003 and the federal doctrine on preservation of the issue was well established under the pre-2003 Rules.

[6] The case PSI cites for this issue, E.I. DuPont de Nemours & Co. v. Pressman, 679 A.2d 436, 440 (Del. 1996), involved an appeal that did challenge the denial of a summary judgment motion and the jury instructions. We agree that if PSI had raised as a ground for appeal the denial of its summary judgment, or error in the instructions, those issues would be before us. We also agree that a party who loses a

4

persuasive under Indiana state practice. Unlike federal procedure, in Indiana state courts it is sufficient to preserve a challenge to one of the court's instructions if a party requests a contradictory instruction. See Fry v. State, 748 N.E.2d 369, 373 (Ind. 2001). A party may thus tender an instruction that reflects the party's contention as to the applicable law and also an alternative instruction that reflects the view of the law previously adopted by the trial court. There is no bar to presenting an alternative instruction so long as the party is clear that the alternative is language that the party prefers only if the primary instruction is rejected. See Kosher Dairy Co. v. New York, Susquehanna & Western R.R. Co., 91 A. 1037, 1038-39 (N.J. 1914); 89 C.J.S. Trial § 695 at 322 (West 2001). If that is done, the error in refusing the first choice and also any error in the formulation of the alternative legal rule are both preserved. The trial court is required to consider the issue in light of the evidence as it was presented, and little effort is required of the challenging party.

In addition to the differences between state and federal rules on this point, we think the practicalities of life in the state trial system support the conclusion that the instructions should govern the standard of review of sufficiency of the evidence. As a general proposition, trial judges in this state do not have the law clerks and other support available to federal judicial officers. The pressures of a trial are great enough without requiring the judge either to take time to do legal research or to recall the precise reasoning of earlier rulings in other procedural postures. Requiring the parties to focus the judge at the time of instructions on specific issues, even if they may have been raised in motions for summary judgment, has the benefit of permitting a review in the light of the evidence actually adduced at trial.[7] Accordingly, we hold

---

motion for summary judgment and must go to trial on the basis of that ruling may tender instructions on theories inconsistent with its position on summary judgment without foreclosing an appeal. But the party's claim of an erroneous jury instruction is not preserved on appeal if the party neither objects to the given instruction nor tenders an alternative instruction on that issue.

[7] We recognize that the instructions may be finalized at substantially the same time as a motion for judgment on the evidence (directed verdict) is filed. In this case PSI did file its motion for judgment on the evidence before the case was submitted to the jury. The motion is not in the record, but we assume it did, as PSI states, raise the same issues on which PSI ultimately prevailed on appeal. Indiana Trial Rules do not differentiate between the effects of motions attacking the sufficiency of the evidence based on the timing of the motion, and we think a bright line rule that instructions must be challenged to preserve the issue of sufficiency of the evidence under the instructions is desirable. PSI also notes that it filed motions for summary judgment. These were not raised on appeal and the motions are not in the record. In any event, a motion for summary judgment typically presents different issues on appeal because it is to be denied if there are, as there usually are, factual issues to be resolved at trial.

that a claim of sufficiency of the evidence is judged against the instructions. Error in the instructions must be preserved consistent with Rule 51(C).

The wisdom of permitting a motion based on sufficiency of the evidence for the first time after trial was addressed in the course of the 1970 overhaul of Indiana trial procedure that brought it generally, but not entirely, in conformity with federal practice. As long as that remains permissible, we think the interest of getting the trial right the first time outweighs any injustice in a given case caused by affirming a result that is justified under the unobjected instructions, but not supported under the law as found by the appellate court.

The petition for rehearing is granted. We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ. concur.