**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 29 2014, 9:30 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHASE T. MOLCHIN**
Marshall P. Whalley & Associates, P.C.
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**KENT S. WILSON**
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRENT WROBLEWSKI and GRETCHEN WROBLEWSKI, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1404-CT-137 |
| | ) | |
| ANGELO G. VALLE, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1108-CT-103

**October 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Brent and Gretchen Wroblewski appeal the judgment entered on the jury's verdict in favor of Angelo Valle. We affirm.

## Issue

The Wroblewskis raise one issue, which we restate as whether the trial court properly instructed the jury on the sudden emergency doctrine.[1]

## Facts

The facts most favorable to the verdict are that, on October 7, 2009, at around 6:30 a.m., Brent was driving his Toyota Pathfinder to work in the left westbound lane of the Indiana Toll Road in Lake County. Valle, also on his way to work, was driving his Chevy Avalanche behind Brent. That portion of the highway was under construction and had been for some time. A recent reconfiguration of the construction zone created a curve where the two westbound lanes of traffic crossed the median and proceeded into what would ordinarily be the eastbound portion of the highway. The left side of the left lane was defined by high barricades, and there was traffic in the right lane.

Traffic came to a sudden stop, and Brent was able to stop without hitting the car in front of him. As Brent eased forward, Valle was unable to see Brent's taillights and rear-ended him. Valle, who had been traveling at approximately forty miles-per-hour in a forty-five mile-per-hour zone, estimated he was going about twenty-five miles-per-hour

---

[1] On cross-appeal, Valle raises one issue, which we restate as whether the trial court properly denied his motion for a directed verdict. Because we conclude that the trial court did not abuse its discretion by instructing the jury on the doctrine of sudden emergency and affirm the judgment in favor of Valle, we need not address this issue on appeal.

when he struck Brent's car. Brent later sought medical treatment for pain in his neck and back.

In 2011, the Wroblewskis filed a complaint alleging negligence and loss of consortium. Valle answered and alleged as an affirmative defense that non-parties including the Indiana State Police, Indiana Department of Transportation, Indiana Financial Authority, ITR Concession Company, LLC, Indiana Toll Roads Contractors, LLC, Ferrovial Agroman Indiana, LLC, and Reith Riley Construction Company, Inc., were the sole or partial proximate cause of the accident. In March 2014, a jury trial was conducted. The trial court, over the Wroblewskis' objection, gave Valle's proposed sudden emergency instruction. The jury returned a verdict in favor of Valle, and the trial court entered judgment on that verdict. Both parties now appeal.

**Analysis**

The Wroblewskis argue that the trial court erroneously gave Valle's proposed sudden emergency instruction. In reviewing a trial court's decision to give or refuse a tendered instruction, we consider whether the instruction: (1) correctly states the law, (2) is supported by the evidence in the record, and (3) is covered in substance by other instructions. Willis v. Westerfield, 839 N.E.2d 1179, 1189 (Ind. 2006). "The trial court has discretion in instructing the jury, and we will reverse on the last two issues only when the instructions amount to an abuse of discretion." Id.

"In a negligence cause of action, the sudden emergency doctrine is an application of the general requirement that one's conduct conform to the standard of a reasonable person." Id. at 1184. The doctrine recognizes that a person confronted with sudden or

3

unexpected circumstances calling for immediate action is not expected to exercise the judgment of one acting under normal circumstances, and the emergency is one of the circumstances to be considered in forming a judgment about an actor's fault. Id. "Thus, a person may be found negligent if his actions are deemed unreasonable, despite the emergency." Id. at 1186.

> In Indiana, a defendant seeking a sudden emergency instruction must show that three factual prerequisites have been satisfied: 1) the defendant must not have created or brought about the emergency through his own negligence; 2) the danger or peril confronting the defendant must appear to be so imminent as to leave no time for deliberation; and 3) the defendant's apprehension of the peril must itself be reasonable.

Id. at 1184-85. "A trial court has a 'duty to instruct' the jury regarding the sudden emergency doctrine if the evidence presented at trial supports the instruction." Collins v. Rambo, 831 N.E.2d 241, 246 (Ind. Ct. App. 2005) (citation omitted).

Based on Valle's proposed instruction, the trial court gave Court's Final Instruction No. 7, which described the sudden emergency doctrine as follows:

> Defendant, Angelo G. Valle, claims he was not at fault because he acted with reasonable care in an emergency situation. Defendant, Angelo G. Valle, was not at fault if he proves the following by the greater weight of the evidence:
>
> (1)    He was faced with a sudden emergency;
>
> (2)    He did not cause the emergency;
>
> (3)    He did not have enough time to consider his options; and
>
> (4)    He acted as a reasonably careful person would act when facing a similar emergency, even if a different

4

> course of action might later seem to have been a better choice.

Appellee's App. p. 22.[2]

For purposes of this appeal, the Wroblewskis only had Valle's trial testimony transcribed and did not provide us with a complete transcript of the parties' discussion about jury instructions. Instead, the Wroblewskis included in their appendix a copy of a single previously-transcribed page that appears to be a discussion about Valle's proposed instruction number 8, which was given as Court's Final Instruction No. 7. "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." Marion-Adams Sch. Corp. v. Boone, 840 N.E.2d 462, 468 (Ind. Ct. App. 2006) (holding that because the appellant chose not to submit a transcript of the evidence with its appeal, we were unable to review the merits of the claim).

Based on the limited record before us, it appears that the Wroblewskis objected to this proposed instruction by arguing, "Just the fact that Mr. Wroblewski is faced with the same conditions and he didn't crash into anyone. So, you know, I don't think that this qualifies as a sudden emergency." App. p. 76. The trial court responded, "Well, the instruction says he has to prove it, you know. If you say the evidence is not there, you can argue against it." Id.

---

[2] Although Indiana Appellate Rule 50(A)(2)(e) requires the appellant's appendix to include "any instruction not included in appellant's brief under Rule 46(A)(8)(e), when error is predicated on the giving or refusing of the instruction[,]" the Wroblewskis only included this one final instruction in their appendix. However, because Valle's appendix includes all twenty-nine of the trial court's final instructions, we are able to review this issue.

The Wroblewskis argue that the instruction was not warranted because stopped traffic in a construction zone was foreseeable and not a sudden emergency, Valle's own negligence created the emergency, there was time for deliberation, and Valle's apprehension of the peril was not reasonable. In response, Valle argues that the Wroblewskis' objection was not sufficient to preserve the claimed errors. In their reply brief, the Wroblewskis assert that the trial court failed to act as "gate keeper" regarding whether there was evidence of the three factual prerequisites necessary for a sudden emergency instruction and "did not attempt to predetermine whether Valle presented evidence of a sudden emergency." Appellants' Reply Br. p. 3. The Wroblewskis characterize their objection as "an argument that the instruction was not supported by the evidence" and suggest that the trial court understood the objection as such but "did not understand its role as a gatekeeper when it came to the sudden emergency instruction, and gave the instruction without determining if Valle had met the three necessary perquisites [sic]." Id. at 12.

Indiana Trial Rule 51(C) provides in part, "No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Our supreme court has explained that "a party in a civil trial should be required to present any challenges to the instructions at a time when they are still correctible." PSI Energy, Inc. v. Roberts, 834 N.E.2d 665, 667 (Ind. 2005) (clarifying on rehearing "that in a civil case the only issue preserved by a motion challenging the sufficiency of the evidence under Trial Rule 50 or Trial Rule 59 is the sufficiency of the evidence under the instructions.").

6

The court reasoned that the jury members who have given their service to hear the case should have the opportunity to address it under the correct legal rules and that retrials, which are the usual result of incorrect instructions, inevitably tax judicial resources. Id. at 668; see also Johnson v. Wait, 947 N.E.2d 951, 957 (Ind. Ct. App. 2011) (stating that the purpose of Trial Rule 51(C) is to guarantee timely objections to afford the trial court the opportunity to correct an erroneous instruction before giving it to the jury).

Although an exhaustive and overly-detailed objection is not mandated, Trial Rule 51(C) requires more than the barebones objection lodged by the Wroblewskis. Their suggestion that this was not a sudden emergency because Brent did not crash into anyone did not inform the trial court that it was required to act as a gatekeeper or that there was a lack of evidence regarding whether Valle created the emergency, had time to consider his options, or acted reasonably in response the emergency. Had the Wroblewskis specifically directed the trial court's attention to these issues, it could have determined whether such a gatekeeping function was required and whether there was evidence to support the three prerequisites before giving the case to the jury. Instead, the objection only was sufficient to draw the trial court's attention to the question of whether Valle faced a sudden emergency at all. Thus, based on the limited record before us, we conclude that the additional challenges the Wroblewskis raise on appeal are waived. See Linville v. Pressley, 744 N.E.2d 974, 976 (Ind. Ct. App. 2001) (concluding that various challenges to sudden emergency instruction were waived where the plaintiffs failed to lodge those specific objections to the trial court), trans. denied.

As for the issue that was preserved—whether there was evidence in the record that Valle faced a sudden emergency—we look only to that evidence most favorable to Valle and any reasonable inferences to be drawn therefrom. See Hatter v. Pierce Mfg., Inc., 934 N.E.2d 1160, 1169 (Ind. Ct. App. 2010), trans. denied. The quantum of evidence necessary for the giving of an instruction is deliberately set at a relatively low level to assure the right of parties to have the trier of fact determine factual disputes, thus preserving the constitutional rights to a trial by jury. Aldana v. Sch. City of E. Chicago, 769 N.E.2d 1201, 1206 (Ind. Ct. App. 2002), trans. denied. Valle testified at trial that the construction barriers prevented him from seeing Brent's brake lights and were arranged in a way that created a "blind curve." Tr. pp. 42. In this regard, this case is distinguishable from Linville, in which we noted that "[s]topped traffic in a construction zone is a foreseeable event rather than an 'emergency'" where at least thirty vehicles had stopped without colliding and the negligent driver failed to show that he kept a proper lookout while maintaining an appropriate speed and distance. Linville, 744 N.E.2d at 976 n.1. Under these circumstances, Valle's testimony about the blind curve was sufficient to support an inference that he faced a sudden emergency and to allow the jury to consider whether Valle acted reasonably in response to it. The Wroblewskis have not established that the evidence does not support the instruction.

As a final matter, we are mindful that "[j]ury instructions are to be considered as a whole and in reference to each other." Clay City Consol. Sch. Corp. v. Timberman, 918 N.E.2d 292, 300 (Ind. 2009). As such, we cannot overlook the fact that the Wroblewskis

8

do not challenge the propriety of Court's Final Instruction No. 10, which provided in part:

> Angelo Valle denies Brent Wroblewski's claims. Angelo Valle is not required to disprove Brent Wroblewski's claims. A defendant may defend himself by claiming certain specific "defenses." In this case Angelo Valle claims: The said Defendant contends that the Plaintiff, Brent Wroblewski, was guilty of carelessness, negligence, and fault which was the proximate cause or a contributing cause of the subject accident of October 7, 2009, which is at issue, and the alleged injuries and damages, if any, of the said Plaintiff. <u>The Defendant contends that at the time of the incident sued upon, he was confronted with an emergency situation not of his own making and his reaction to that situation was reasonable under the circumstances</u>.
>
> Angelo Valle must prove these defenses by the greater weight of the evidence.

Appellee's App. p. 25 (emphasis added).

Again, based on the limited record before us, there is no indication that the Wroblewskis objected to this instruction at trial, and they do not argue on appeal that this instruction is a basis for reversal. Thus, even if the evidence did not support Final Instruction No. 7, this apparently unchallenged instruction also explained the sudden emergency doctrine to the jury. Accordingly, the Wroblewskis have not established a reasonably probability that their substantial rights were adversely affected by Final Instruction No. 7. See Elmer Buchta Trucking, Inc. v. Stanley, 744 N.E.2d 939, 944 (Ind. 2001) ("Moreover, one seeking a new trial on the basis of an improper jury instruction must show 'a reasonable probability that substantial rights of the complaining party have been adversely affected.'" (citation omitted)).

9

## Conclusion

The Wroblewskis have not established that the manner in which the jury was instructed was reversible error.  We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.