### Stephen M. LOVINGS, Appellant–Plaintiff,

v.

### Adam CLEARY, Appellee–Defendant.

No. 64A03–0307–CV–273.

Court of Appeals of Indiana.

Nov. 26, 2003.

Rehearing Denied Feb. 25, 2004.

Stephen Bower, Cohen and Thiros, P.C., Gregory W. Brown, Brown & Brown, Attorneys at Law, P.C. Merrillville, IN, Attorneys for Appellant.

Edward W. Hearn, Jon S. Diston, Spangler, Jennings & Dougherty, P.C., Valparaiso, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Stephen M. Lovings ("Lovings") appeals a jury verdict in favor of Appellee–Defendant Adam Cleary ("Cleary") upon a personal injury claim. We reverse.

### Issue

Lovings presents three issues for review, one of which we find dispositive: whether the giving of a sudden emergency instruction unsupported by the evidence is reversible error.

### Facts and Procedural History

On January 13, 2000, at approximately 2:30 p.m., Cleary and two fellow students, Aaron Maesow ("Maesow") and Lovings, left their technical school in Valparaiso to return to their high school in Portage. Cleary drove his 1985 Thunderbird, in which Maesow and Lovings were passengers. Another student, David Ewen ("Ewen"), followed Cleary in a separate vehicle.

When the students left the technical school, it had been snowing for about two and one-half hours, and there was some accumulation of snow and ice on the roadway. There was a mixture of snow and freezing rain falling. The road between the technical school and the high school was "curvy and hilly." (Tr. 7.) Ewen observed Cleary's vehicle "fishtail," but Cleary kept the vehicle in the roadway. However, about one mile further down the

road, Ewen observed the back end of Cleary's vehicle move to the right. At that time, Cleary had just negotiated a sharp curve and was headed downhill. His vehicle left the roadway and slid into a telephone pole.

On November 8, 2000, Lovings filed a complaint for personal injuries, alleging that Cleary was negligent in the operation of his vehicle. Cleary denied the allegation of negligence and contended that he "lost control of his vehicle due to a sudden emergency, specifically, snow and ice." (App. 19.) A jury trial commenced on December 2, 2002. On December 5, 2002, the jury returned a verdict in Cleary's favor. Lovings filed a Motion to Correct Error, which was denied by the trial court. This appeal ensued.

### Discussion and Decision

Lovings contends that the trial court erred when it instructed the jury as follows:

When a person is confronted with a sudden emergency not of the person's own making without sufficient time to determine with certainty the best course to pursue, that person is not held to the same accuracy of judgment as would be required of him/her if he/she had time for deliberation. Accordingly, if the person exercises such care as an ordinarily prudent person would exercise when confronted with a similar emergency, he/she is not negligent.

In this case, if you find from the evidence that the defendant was confronted with a sudden emergency in the sliding of the vehicle and that the defendant then pursued a course of action that an ordinarily prudent person would have pursued when confronted with the same or similar emergency, then you may not assess negligence to the defendant.

(App. 30.)

As with a trial court's refusal to give an instruction, a claim of error based on the giving of an instruction is reviewed for an abuse of discretion. *Aldana v. Sch. City of East Chicago*, 769 N.E.2d 1201, 1209 (Ind.Ct.App.2002), *trans. denied.* An instruction given to the jury must be a correct statement of the law, be applicable to the evidence adduced at trial, and be relevant to the issues the jury must decide in reaching its verdict. *Id.*

Each party is entitled to have the jury instructed upon his or her particular theory of the case. *Id.* The sudden emergency doctrine is an affirmative defense and the trial court has a duty to instruct the jury on this defense if the evidence presented at trial supports the instruction. *Id.* The sudden emergency doctrine recognizes that a reasonable person innocently deprived of time to consider his or her actions does not always exercise the same accuracy of judgment as one who has had the opportunity for reflection. *Sullivan v. Fairmont Homes, Inc.*, 543 N.E.2d 1130, 1137 (Ind.Ct.App.1989). However, the doctrine does not relieve a motorist of the duty to maintain a proper lookout while operating a vehicle, as a reasonably prudent person would do in the same or similar circumstances. *Linville v. Pressley*, 744 N.E.2d 974, 976, n. 1 (Ind.Ct.App.2001).

An instruction on sudden emergency is appropriate only when there is evidence that: (1) the actor seeking the benefit of the defense did not, through his or her own negligence, create the sudden emergency, (2) the appearance of danger was so imminent that the actor was left with no time for deliberation; and (3) the actor's apprehension of the peril was reasonable. *Barnard v. Himes*, 719 N.E.2d 862, 868 (Ind.Ct.App.1999).

The evidence of record indicates that Cleary was driving on curvy, hilly

roads as snow and freezing rain fell. These conditions were apparent. There is no evidence that the slide from the road was precipitated by some sudden event outside Cleary's contemplation. As such, the giving of the sudden emergency instruction was not relevant to the issues before the jury.

Nevertheless, an erroneous instruction is grounds for reversal only where we conclude that, given the totality of the instructions, the opponent's substantial rights were adversely affected. *Aldana,* 769 N.E.2d at 1211. Jury instructions must be considered not individually, but as a whole. *Id.*

Here, the jury was instructed: "the skidding and sliding of an automobile is not negligence in and of itself." (App. 28.) The jury was then required to determine whether Cleary's conduct in operating the automobile was negligent, but because of the sudden emergency instruction, was permitted to consider Cleary's conduct as if he were in an emergency situation. The sudden emergency instruction provided in pertinent part: "that person is not held to the same degree of accuracy as if he had time for deliberation." (App. 30.) In essence, the jury was instructed not to infer negligence from the loss of control of the automobile, and to apply a lessened standard of due care to Cleary's conduct once the automobile was out of control. As such, our consideration of the instructions as a whole leads to the conclusion that Lovings' substantial rights were adversely affected by the giving of the sudden emergency instruction.

Reversed.

KIRSCH, J., and VAIDIK, J., concur.