**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANTS:

**ALEXANDER P. PINEGAR**
**SAMUEL R. ROBINSON**
Church, Church, Hittle, & Antrim
Noblesville, Indiana

ATTORNEY FOR APPELLEE:

**JASON L. HORN**
State Farm Litigation Counsel
Crown Point, Indiana

**FILED**

Apr 14 2014, 9:29 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAY DARLAND and KATHLEEN DARLAND, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 06A04-1308-PL-403 |
| | ) | |
| ELIZABETH RUPP, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-1102-PL-104

**April 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Jay Darland and Kathleen Darland (the "Darlands") appeal the trial court's judgment in favor of Elizabeth Rupp, following a jury trial, on the Darlands' complaint seeking damages arising from a car accident. The sole issue presented for our review is whether the trial court abused its discretion and committed reversible error in giving the jury a sudden emergency instruction. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

The facts most favorable to Rupp indicate that on December 23, 2008, the Darlands were traveling by car from Columbus, Ohio, to Davenport, Iowa. In doing so, they drove on Interstate 74 ("I-74") westbound through Boone County. On the same day, Rupp began a trip driving from Bloomington, Indiana, to Aurora, Illinois. When Rupp left Bloomington, it was sunny and warm enough outside for her to wear just a sweatshirt. It started raining by the time Rupp reached I-465 in Indianapolis, and it was still raining when she exited onto I-74 westbound. Rupp was driving approximately ten miles per hour below the posted seventy mile per hour speed limit because she knew the roads were wet. While driving, Rupp suddenly observed the brake lights of stopped traffic ahead of her. She attempted to slow and stop her vehicle by repeatedly pressing her brakes, but her attempts were unsuccessful due to icy road conditions. Rupp's vehicle crashed into the back of the Darlands' vehicle. Rupp did not realize that it was sleeting outside until after the collision because she felt sleet hitting her face when she exited her vehicle.

The Darlands subsequently filed a complaint for negligence against Rupp. A jury trial was held on July 15 and 16, 2013. At the close of the evidence, the parties submitted their proposed final jury instructions which included Rupp's proposed instruction regarding the sudden emergency doctrine. The Darlands objected to that instruction arguing that there was insufficient evidence to support a sudden emergency instruction. The court overruled the objection and gave the sudden emergency instruction to the jury. Thereafter, the jury returned its verdict in favor of Rupp. The trial court entered judgment on the jury's verdict on August 13, 2013. This appeal ensued.

**Discussion and Decision**

The Darlands assert that the trial court abused its discretion and committed reversible error in giving the jury a sudden emergency instruction.[1] As a general matter, a trial court has broad discretion when it comes to instructing the jury. *Fechtman v. U.S. Steel Corp.*, 994 N.E.2d 1243, 1247 (Ind. Ct. App. 2013), *trans. denied* (2014). Upon appellate review of a trial court's decision to give or to refuse a tendered jury instruction we consider: (1) whether the instruction correctly states the law; (2) whether there was evidence in the record to support the instruction; and (3) whether the substance of the instruction is covered by other instructions. *Piatek v. Beale*, 994 N.E.2d 1140, 1147 (Ind. Ct. App. 2013), *trans. denied*. When reviewing the sufficiency of the evidence supporting an instruction, we look only to the evidence most favorable to the appellee and any reasonable inferences to be drawn

---

[1] In their reply brief, the Darlands assert that Rupp's appellee's brief was untimely filed and that we should therefore disregard it. While we are unaware of the specific circumstances, this Court's docket indicates that our chief judge issued an order deeming the appellee's brief properly filed. Accordingly, we will consider all briefs as timely submitted for our review.

3

therefrom. *Green River Motel Mgmt. of Dale, LLC v. State*, 957 N.E.2d 640, 645 (Ind. Ct. App. 2011), *trans. denied*. We will reverse the trial court's decision to give or refuse an instruction for an abuse of discretion. *Id*. A party seeking a new trial on the basis of an instructional error must demonstrate a reasonable probability that his or her substantial rights have been adversely affected. *Piatek*, 994 N.E.2d at 1147.

The sudden emergency doctrine was developed by courts "to recognize that a person confronted with sudden or unexpected circumstances calling for immediate action is not expected to exercise the judgment of one acting under normal circumstances." *Willis v. Westerfield*, 839 N.E.2d 1179, 1184 (Ind. 2006) (citing W.P. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on the Law of Torts* § 33 at 196 (5th ed. 1984)). Specifically,

> [t]he basis of the doctrine is that the actor is left no time for adequate thought, or is reasonably so disturbed or excited that the actor cannot weigh alternative courses of action, and must make a speedy decision, based very largely upon impulse or guess. Under such conditions, the actor cannot reasonably be held to the same accuracy of judgment or conduct as one who has had full opportunity to reflect, even though it later appears that the actor made the wrong decision, one which no reasonable person could possibly have made after due deliberation.

*Id*. (quotation marks omitted). A defendant requesting a sudden emergency jury instruction must demonstrate that three factual prerequisites have been satisfied: (1) the defendant must not have created or brought about the emergency through his own negligence; (2) the danger or peril confronting the defendant must appear to be so imminent as to leave no time for deliberation; and (3) the defendant's apprehension of the peril must itself be reasonable. *Id*. at 1184-85. The sudden emergency doctrine is not considered an affirmative defense, but rather, "[t]he emergency is merely one of the circumstances to be considered in determining

4

whether the actor's conduct was reasonable under all of the circumstances." *Id.* at 1186 (citation omitted).

In analyzing the evidence in a sudden emergency case, we must first define what the sudden emergency was. *See Collins v. Rambo*, 831 N.E.2d 241, 246 (Ind. Ct. App. 2005). Here, the emergency, if there was one facing Rupp, was the sudden onset of icy road conditions coupled with stopped traffic on I-74. The Darlands concede that this emergency was not brought about by Rupp's own negligence and that her apprehension of the peril itself was reasonable. Instead, according to the Darlands, Rupp failed to demonstrate that the danger or peril confronting her was so imminent as to leave her no time for deliberation. Therefore, they argue, the evidence did not support the giving of a sudden emergency instruction.

The evidence indicates that Rupp began her trip in fairly warm and sunny weather. Rupp testified that it was raining when she reached I-465 in Indianapolis and it was still raining when she exited onto I-74. Rupp testified that she was traveling approximately ten miles per hour below the speed limit because she knew that the roads were wet. Rupp testified that when she suddenly observed the stopped traffic ahead of her, she tried repeatedly to press her brakes. However, her car would not stop on what had become an icy road, causing her to crash into the Darlands' vehicle. Based upon Rupp's testimony, there is support for the fact that the peril confronting Rupp was so imminent as to leave her no time for deliberation. In other words, due to the nature of the emergency, Rupp was unable to consider slowing down sooner, or driving even further below the speed limit to prevent the

accident from occurring. *See id.* at 248 (evidence must show that defendant faced choices and/or had alternatives but insufficient time to deliberate).

The Darlands direct us to *Lovings v. Cleary*, 799 N.E.2d 76 (Ind. Ct. App. 2003), *trans. denied* (2004), and *Barnard v. Himes*, 719 N.E.2d 862 (Ind. Ct. App. 1999), *trans. denied* (2000), in support of their argument that the icy road conditions would have been apparent to Rupp prior to the collision, and thus Rupp faced nothing sudden or unexpected. In those cases, we concluded that a sudden emergency instruction was inappropriate under circumstances in which the record indicated that snowy and icy road conditions were apparent or known to the defendant, and therefore it could not be said that the defendant was confronted with a danger so imminent as to leave no time for deliberation. *See Lovings*, 799 N.E.2d at 78-79 (evidence indicated that dangerous road conditions were apparent to defendant who was driving on curvy, hilly roads as snow and freezing rain fell); *Barnard*, 719 N.E.2d at 869 (evidence indicated that snowy and icy road conditions were known to defendant prior to collision as defendant testified that she left early from work due to weather conditions). However, unlike in those cases, Rupp specifically stated that she perceived no hazardous road conditions prior to the collision other than rain. Indeed, Rupp stated that she did not notice that the rain was actually sleet until after the collision when she stood outside her vehicle and felt sleet hitting her face.

As long as some evidence supports the giving of the sudden emergency instruction, the instruction may properly be given to a jury. *Brooks v. Friedman*, 769 N.E.2d 696, 700-01 (Ind. Ct. App. 2002), *trans. denied*. It is then the jury's role to weigh the evidence and

6

determine whether the sudden emergency doctrine applies and whether the defendant acted reasonably under the circumstances. *Id*. On the record as presented, there is some evidence to support the fact that the danger confronting Rupp was so imminent as to leave her insufficient time for deliberation. Accordingly, we cannot say that the trial court abused its discretion in giving the jury a sudden emergency instruction.

Affirmed.

BAKER, J., and NAJAM, J., concur.